IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| XAVIER M. FLOUNNORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION FILE |
| ) | |
| WAL-MART STORES, INC., ) | NO. 1 |
| ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |
| ) | |

## COMPLAINT

**COME NOWS**, XAVIER M. FLOUNNORY, Plaintiff herein, and for his cause of action for damages against the above named Defendant, alleges and states as follows:

1.

Plaintiff herein is resident of the State of Georgia and at all times referenced herein resided and currently resides in Fulton County, Georgia.

2.

Defendant Wal-Mart Stores, Inc. (Hereinafter "Wal-Mart") is an Arkansas Corporation qualified to conduct business in the State of Georgia whose registered agent, Corporation Process Company, 180 Cherokee Street, N.E., Marietta, Cobb County, Georgia, 30060 is subject to the jurisdiction of this Court, which lies within the Northern District of Georgia, Atlanta Division pursuant to *28 U.S.C.A. § 90 (a)(2)*

3.

This action is a civil action over which this Court has original jurisdiction under *28*

*U.S.C. § 1332*, and is one which may brought in this Court by Plaintiff pursuant to the provisions of *28 U.S.C. § 1441(b)* in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.

At all times material hereto, Shelby Smith was an employee of Defendant Wal-Mart Stores, Inc. and the actions of Shelby Smith are imputed to Defendant Wal-Mart Stores, Inc. under the doctrine of *Respondeat Superior*.

5.

On or about January 6, 2004, Plaintiff had a check written off of his closed checking account presented in payment of merchandise at Wal-Mart Store 594 located at 125 Pavillion Parkway, Fayetteville, Georgia by an unknown individual.

6.

Shortly after receiving notices from SunTrust Bank that several checks had been written off of his closed checking account, Plaintiff filed a report with the Atlanta Police Department in January, 2004 as well as all three credit reporting agencies, Tele-Check and the Federal Trade Commission to advise that someone had stolen Plaintiff's identity and was using his closed checking account to make purchases about which Plaintiff was unaware.

7.

In April, 2004, after receiving threatening phone calls from Defendant, Plaintiff visited Wal-Mart Store 594 located at 125 Pavillion Parkway, Fayetteville, Georgia in order to advise the Defendant that his identity and checking account had been stolen.

8.

While at the Wal-Mart store in Fayetteville, Georgia, Plaintiff presented Defendant with a theft affidavit, police report and other documentation regarding the theft of his identity and closed checking account and was advised before leaving Defendant's Wal-Mart store that the matter had been "taken care of".

9.

On or about June 24, 2005 Plaintiff was arrested and jailed in the Fayette County Jail after a warrant for his arrest had been taken out by Shelby Smith, as agent for Defendant Wal-Mart, for a bad check written by an unknown individual using Plaintiff's closed check account with SunTrust Bank.

10.

On or about said date, Plaintiff was wrongfully detained and imprisoned as a result of Wal-Mart store employee Shelby Smith, more than one year after Plaintiff had informed Wal-Mart that his identity and checking account had been stolen, and after having been advised by Wal-Mart Store No. 594 in Fayetteville, Georgia that the issue of the bad check written to Wal-Mart Store No. 594 in Fayetteville, Georgia on January 4, 2004 had been "taken care of".

11.

Plaintiff was falsely imprisoned as a result of the conduct of Wal-Mart employee Shelby Smith and Wal-Mart as provided by *O.C.G.A. § 51-7-20*.

12.

Plaintiff was physically restrained while a prisoner in the Fayette County Jail and was prevented from leaving the said Jail, even though he had not committed any crime.

13.

After Plaintiff had informed Defendant that his identity and checkbook had been stolen and provided them with documentation of same, Wal-Mart unlawfully had its employee, Shelby Smith, issue a warrant for the Plaintiff's arrest, although it had no probable cause to do so.

14.

As a result of the warrant issued against Plaintiff by Wal-Mart, Plaintiff was arrested and transported to jail where he was imprisoned against his will.

15.

Defendant caused a criminal prosecution to be brought against Plaintiff which was malicious and without probable cause.

16.

Defendant ultimately concluded that Plaintiff had not engaged in the crime writing a bad check and deposit account fraud and the charges against Plaintiff which had been brought against him by Defendant were dismissed several months after Wal-Mart had a warrant taken out for Plaintiff's arrest.

17.

Defendant Wal-Mart is liable to Plaintiff for malicious prosecution pursuant to *O.C.G.A. § 51-7-40*.

18.

As a result of the conduct of Defendant Wal-Mart and its employee, for which it is vicariously liable, Plaintiff suffered mental pain and anguish.

19.

As a result of the conduct of Defendant Wal-Mart and its employees, for which it is vicariously liable, Plaintiff shall continue to suffer mental pain and anguish.

20.

The actions of Defendant Wal-Mart demonstrated willful misconduct, malice, oppression, and the entire want of care towards Plaintiff entitling Plaintiff to punitive damages pursuant to *O.C.G.A. § 51-12-5.1*.

21.

The actions of Wal-Mart were injurious to the peace, happiness and feelings of Plaintiff entitling Plaintiff to damages pursuant to *O.C.G.A. § 51-12-6*

22.

Plaintiff is entitled to recover attorney fees as a result of Defendant's conduct which evidences bad faith in the underlying transaction and because Defendant has caused Plaintiff unnecessary trouble and expense pursuant to *O.C.G.A. § 13-6-11*.

23.

As a result of Plaintiffs false arrest, Plaintiff had to pay a bond in order to secure his release from jail.

24.

Plaintiff is entitled to recover damages for as a result of Defendant's conduct in wrongfully taking out a warrant of the Plaintiff which required him to expend money to pay for a bond in order to secure his release from jail.

WHEREFORE, Plaintiff prays:

a. That process issue in accordance with law;

b. That the Court award judgment in favor of the Plaintiff against Defendant for a sum in an amount determined by the enlightened conscience of the jury for false imprisonment and false arrest as provided by *O.C.G.A. § 51-7-20*;

c. That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for malicious prosecution pursuant to *O.C.G.A. § 51-7-40*;

d. That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for injury to the peace, happiness and feelings of Plaintiff pursuant to *O.C.G.A. § 51-12-6*;

e. That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for punitive damages pursuant to *O.C.G.A. § 51-12-5.1*;

f. That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for wrongfully having Plaintiff arrested which required the payment for a bond for Plaintiff's release from jail.

g. That the Court award judgment in favor of the Plaintiff and against Defendant for a sum in an amount determined by the enlightened conscience of the jury for mental pain and suffering sustained by Plaintiff;

h. That Plaintiff be awarded 12% pre-judgment interest;

i. That Plaintiff be awarded reasonable attorney fees;

j. That Defendant be assessed with all costs and expenses of litigation; and

k. That Plaintiff have other and further relief as is just and appropriate.

This 2nd day of November, 2005.

CLAXTON & CLAXTON, LLC

_____
WILLIAM P. CLAXTON
Georgia State Bar No. 129320

_____
DARCY S. DUVAL
Georgia State Bar No. 236051
Attorneys for Plaintiff

180 Interstate North Parkway
Suite 115
Atlanta, Georgia 30339
(770) 933-1946
(770) 933-8455 Fax