IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| XAVIER M. FLOUNNORY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File No. 1:05 CV 2827-GET |
| | ) |
| WAL-MART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSES TO INITIAL DISCLOSURES

COMES NOW Defendant, by and through their undersigned attorneys, and shows the Court as follows:

1.

If the Defendant is improperly identified, state defendant's correct identification and state whether Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Response**:   Defendant is properly identified.

2.

Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiffs.  If Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.

**Response:**  Based upon Defendants' initial investigation and involvement in other related cases, all parties have been properly identified.

3.

<u>Provide a detailed factual basis for the defense or defenses and any counterclaims or cross claims asserted by Defendant in the responsive pleadings</u>.

**Response:**  Defendant's affirmative defenses are self-explanatory or made in order to protect Defendant's rights and interests.  Subject to, and to supplement this response, Defendant states as follows:

In January or February of 2004, a check bearing Plaintiff Xavier Flounnory's name and address was presented at the Wal-Mart store in Fayetteville, Georgia.  The check was returned to Wal-Mart by the bank, because the check had been written on a closed account.  Wal-Mart immediately attempted to contact Plaintiff by telephone and certified mail to discuss the issue of this check.  Plaintiff did not respond to the attempted contacts.

In November of 2004, after having failed to receive any response to the telephone calls or certified letters, a Wal-Mart representative went to the Magistrate Court in Fayette County and had a warrant sworn out for the arrest of Plaintiff.  Upon information and belief, on June 24, 2005, Plaintiff was arrested.  A court date of August 23, 2005 was set and a Wal-Mart representative was subpoenaed as a witness.  A Wal-Mart representative attended, however, Plaintiff did not appear.  Upon information and belief, Plaintiff's court date was postponed

and rescheduled. Upon information and belief, the charge against Plaintiff was eventually dropped.

Wal-Mart is aware that Plaintiff now alleges that someone had stolen his checkbook and had written the check at issue (in addition to several other checks). Wal-Mart has no information regarding the veracity of this allegation, and is investigating same. However, Wal-Mart had no notice or information regarding this allegation prior to the events described above. Upon receiving this information, a Wal-Mart representative contacted the Court and requested that the warrant be canceled.

Plaintiff has alleged malicious prosecution, false imprisonment, and false arrest against Wal-Mart. Plaintiff has made a claim for mental pain and anguish, injuries to his peace, happiness and feelings, and punitive damages. Defendant has denied all such allegations. Defendant expects that there are other facts to support its defenses, and states that investigation and discovery is just beginning. Defendant reserves the right to supplement this response.

4.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contends are applicable to this action.

**Response:** Defendants shows that the following specific legal authorities apply to the issues in this action, in addition to other Georgia statutes and case law

relating to principles of negligence, causation, and damages:

-     Statutes:    O.C.G.A. §§ 51-7-20, 51-7-40, 51-12-6. and 51-12-5.1. Defendant will provide additional statutes via supplementation.

-     Case Law:    Defendant is investigating Plaintiff's claims and will provide applicable case law via supplementation.

-     Defendant will rely on all applicable general statutory and common law principles of Georgia tort law. Defendant expects there may be other legal authorities applicable to this action and show their investigation and discovery are continuing. Defendant reserves the right to supplement the foregoing list, which is not intended to be comprehensive, as the action proceeds.

5.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Responses to Initial Disclosures as Attachment A).

**Response:** See Attachment A.

6.

<u>Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B)</u>.

**Response:**   See Attachment B.

7.

<u>Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C)</u>.

**Response:**   See Attachment C.

8.

<u>In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as</u>

Attachment D).

**Response:**  Not applicable to Defendant at this time.

9.

If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiffs or Defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Response:**  Defendant denies liability in this matter.  Defendant's investigation and discovery are continuing, therefore, this response may be subject to amendment and/or supplementation.

10.

Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E).

**Response:**  See Attachment E.

Respectfully submitted, this 19th day of January, 2006.

                DREW, ECKL & FARNHAM, LLP

                */s/ Hall F. McKinley, III*
                Hall F. McKinley, III
                Georgia Bar No. 495512

                                       */s/ Michael L. Miller*
                                       Michael L. Miller
                                       Georgia Bar No. 508011
                                       Attorneys for Defendant

880 West Peachtree Street
Post Office Box 7600
Atlanta, Georgia  30357-0600
(404) 885-1400
(404) 876-0992 (fax)


                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF GEORGIA
                            ATLANTA DIVISION

| | | |
|---|---|---|
| XAVIER M. FLOUNNORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No. 1:05 CV 2827-GET |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I have this day served opposing counsel with a copy of the foregoing *Defendant's Response to Initial Disclosures* by filing electronically, and by placing a true and correct copy of same in the United States Mail, with adequate postage affixed thereon and properly addressed to counsel of record addressed to:

                                 William P. Claxton
                                Claxton & Claxton, LLC

180 Interstate North Parkway, Suite 115
Atlanta, GA  30339

This <u>19th</u> day of January, 2006.

        DREW, ECKL & FARNHAM, LLP

        */s/ Michael L. Miller*
        Michael L. Miller
        Georgia Bar No. 508011
        Attorneys for Defendant

880 West Peachtree Street
Post Office Box 7600
Atlanta, Georgia  30357-0600
(404) 885-1400
(404) 876-0992 (fax)

1488781/1
5039-62653

# ATTACHMENT A

1. Shelby Smith      (Wal-Mart)
   Brenda Whitlock   (Wal-Mart)
   Judy Wyatt        (Wal-Mart)
   c/o Drew, Eckl & Farnham, LLP
   880 West Peachtree Street
   Atlanta, Georgia 30309
   (404) 885-1400

2. Employees, agents and/or officers of Wal-Mart Stores, Inc. who will be identified as investigation and discovery proceeds.
   c/o Drew, Eckl & Farnham, LLP
   880 West Peachtree Street
   Atlanta, Georgia 30309
   (404) 885-1400

3. Xavier Flounnory  (Plaintiff)

4. Xavier Flounnory's parents
   *Name Unknown*
   932 Lawton Street
   *Current Telephone Number Unknown*

5. All medical care providers for Xavier Flounnory (if any)
   *Currently Unidentified and Unknown by Defendant*

6. Representatives of the Fayette County police department and solicitor's office
   *Currently Unidentified and Unknown by Defendant*

## **ATTACHMENT B**

At this time, Defendant has not made a determination as to persons expected to testify at trial as expert witnesses. Defendant will supplement this response as warranted by continuing investigation and discovery.

## **ATTACHMENT C**

1. Documents regarding Plaintiff's damages (if any).

2. Medical treatment records and bills for Plaintiff (if any).

3. Plaintiff's bank records, including information regarding the check at issue.

4. Correspondences between Wal-Mart and Plaintiff (if any).

5. Police Department records regarding the charges pending against Plaintiff and Plaintiff's arrest.

5. Court records regarding the charge, the prosecution of the charge, and the disposition of charge at issue in this case.

6. Criminal records for Plaintiff.

7. Defendant will supplement this response as warranted by continuing investigation and discovery.

## **ATTACHMENT D**

Not applicable to Defendants at this time.

## **ATTACHMENT E**

Defendant Wal-Mart Stores, Inc. states a policy of insurance issued by AIG may be applicable to Plaintiff's claims. Defendant will provide the Policy Number and Policy Period via supplementation. The limits of liability are $9,950,000.00. There are no questions or issues regarding coverage in this case. A copy of the Declarations Page will be provided. Defendant will supplement this response if appropriate.